IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHANTOU TAIHUI TRADING CO.; YUESHEN JI <br>    Plaintiffs <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A <br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A.: 1:22-cv-04903 <br><br> **MEMO ENDORSED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs SHANTOU TAIHUI TRADING CO. and YUESHEN JI ("Plaintiffs") file this Motion requesting leave to file the following documents under seal:  (1) Plaintiffs' Schedule A attached to the Complaint, which includes a list of the Defendant Online Marketplace Accounts; and (2) screenshot images showing the active Defendants' Internet Stores for the Defendants Online Marketplace Accounts (Exhibit B to the Complaint).

In this action, Plaintiffs are requesting temporary *ex parte* relief based on an action for design patent infringement.  Whereas Plaintiffs have openly filed the original complaint, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (""A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *quoting, Fed. Trade Comm'n v. Abbvie Prods. LLC,* 713 F.3d 54, 62 (11th Cir.2013)"), Plaintiffs merely request sealing of the Schedule A and screenshots images of active Defendants' Internet Stores, for the following reasons:  sealing this portion of

the file is necessary to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order.  If Defendants were to learn of proceedings prematurely, the likely result would be destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions. *Tangle, Inc. v. The Individuals*, No. 22-CV-2350 (S.D.N.Y. Mar. 23, 2022).  The ability of Defendants to destroy and/or transfer resources would harm Plaintiffs' ability to enforce its patent rights and frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) ("... the proponent of sealing must "demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *quoting, In re N.Y. Times Co.,* 828 F.2d 110, 116 (2d Cir.1987) ").  Defendants will be informed of the Complaint and evidence through service, and so will be made aware and not prejudice via the instant action.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 116 (2d Cir. 2006) (""Moreover," the district court concluded, "even assuming that the documents sought are judicial documents," it could not assess the weight given to the presumption of access to judicial documents, because it was not yet aware of which documents would "play a substantial role in determining litigants' substantive rights."").

Lastly, once the complaint, exhibits, and temporary restraining order have been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal these documents.

DATED:  June 15, 2022                                                       Respectfully submitted,

*/s/ Robert DeWitty*

Robert DeWitty
DeWitty and Associates
700 12th Street, Ste. 700
PMB 97684
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on June 15, 2022 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*s/ Robert DeWitty*

Robert M. DeWitty

```
Application GRANTED.

The Clerk of Court is directed to terminate the motions at
docket entries 7 and 8.
```

```
                                         SO ORDERED.
Dated:  June 15, 2022
        New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE