IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANTOU TAIHUI TRADING CO. and YUESHEN JI,<br>    Plaintiffs,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br>    Defendants.<br>_____ | C.A.: 1:22-cv-04903<br><br>Hon. Judge Katherine Polk Failla |

**ORDER FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs Shantou Taihui Trading Co., Ltd. and Yueshen Ji's (collectively, "Plaintiffs") Motion for Entry of a Preliminary Injunction Order ("PIO") against Defendants The Partnerships and Unincorporated Associations Identified in Schedule A. Among other things, the PIO seeks to enjoin each respective Defendant from willfully infringing Plaintiffs' intellectual property rights, namely the patent rights in U.S. Patent D948,321 (the "'321 Patent"), and to restrain each respective Defendants' assets, i.e., the Defendants' funds in their Amazon account, until the claim against each such Defendant is settled or resolved, or upon further order of the Court.

The Court, after considering the facts and arguments presented at the preliminary injunction hearing held on June 27, 2022, finds that the PIO should be GRANTED.

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

Following the preliminary injunction hearing held on June 27, 2022, and commensurate with the temporary restraining order ("TRO") granted on June 17, 2022, the Court finds:

1. Plaintiff Shantou Taihui Trading Co., Ltd., is a limited liability company based in Shantou, China, that is the owner by assignment of the '321 Patent. Plaintiff Yueshen Ji is the inventor of the '321 Patent.

2. A complete list of Defendant is as shown in the TRO.

3. Plaintiff sells hooks designed according to '321 Patent through the e-commerce website Amazon .com ("Amazon").

4. Plaintiffs are likely to prevail on their patent infringement claim brought pursuant to the Federal Patent Act, 35 U.S.C. § 271.

    a. Plaintiffs have not licensed or authorized Defendants to use the '321 Patent, and Defendants are not authorized retailers of the '321 Patent.

    b. Defendants are using, selling, and importing into the United States, including New York, products that infringe directly or indirectly the '321 Patent (the "Infringing Products").

5. As a result of Defendants' infringement, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries.

    a. Plaintiffs have well-founded fears that the Infringing Products will appear in the marketplace; that the Infringing Products will mislead or confuse consumers; and that the continued sale of the Infringing Products will result in brand and price erosion.

6.     The balance of equities favors Plaintiffs. The potential harm to Defendants of being unable to profit from the continued sale of the Infringing Products is outweighed by the harm to Plaintiffs' interest in the '321 Patent that will result from the continued sale of the Infringing Products.

7.     The public interest favors the issuance of this PIO. The PIO will protect Plaintiffs' rights in the '321 Patent and prevent the public from being deceived and defrauded by Defendants' Infringing Products.

## **ORDER**

A.     **Preliminary Injunction Order.**

The Court therefore enters a Preliminary Injunction Order, as follows:

1.     **IT IS ORDERED** that Defendants and their officers, affiliates, agents, and employees are hereby enjoined from the following pending further order from this Court:

    a.     U.S. manufacturing, importing, distributing, offering for sale, or selling the Infringing Products into or within the United States and her territories;

    b.     further infringing U.S. Design Patent D948,321 and damaging Plaintiffs' patent rights;

    c.     otherwise competing unfairly with Plaintiffs in any manner;

    d.     shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    e.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Amazon.com Internet Store accounts or any other online marketplace

account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

  f. operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of Infringing Products.

2. **IT IS FURTHER ORDERED** that

  a. Defendants and their officers, affiliates, agents, and employees shall be restrained and enjoined from transferring or disposing of any monies or assets until further ordered by this Court, except by written agreement with Plaintiffs.

  b. Defendants and any third parties, including Amazon.com, with notice shall, within five (5) business days after receipt of such notice, disable any and all accounts and/or services used by Defendants to market, advertise, sell and/or offer for sale any goods in conjunction with the Infringing Products.

  c. Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies such as PayPal, shall, within three (3) business days of receipt of this order:

    i. locate all accounts and funds connected to each respective Defendant, each Defendant's Online Marketplace Accounts or websites, including, but not limited to, any financial accounts connected to the information listed in Schedule "A" hereto, and any e-mail addresses provided for each Defendant by third parties; and

    ii. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of each Defendant's assets until further ordered

by this Court, including allowing the transfer of any accounts and/or funds internationally.

d.     Amazon.com ("Amazon") and its related companies and affiliates shall, within three (3) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to each respective Defendant as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the sellers identified on Schedule "A" hereto. Such restraining and enjoining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon security interest in the funds) without the express authorization of this Court or at the direction of Plaintiffs with written authorization from the affected Defendant.

SO ORDERED.

This Preliminary Injunction Order is entered at New York City, New York, on this 28th day of June, 2022.

*Katherine Polk Failla*
_____
Hon. Katherine Polk Failla
U.S. District Judge